Gary A. Dordick, Esq. S/B# 128008
Michelle J. Dordick, Esq. S/B# 319725
Danielle S. Dhari, Esq. S/B# 356788
**DORDICK LAW CORPORATION**
1122 Wilshire Blvd.
Los Angeles, CA 90017
Tel: (310) 551-0949 • Fax: (855) 299-4444
E-mail: MJDeservice@dordicklaw.com
**In association with**
Samuel Dordulian, Esq. S/B# 174717
Alex M. Valenzuela, Esq. S/B# 233783
**DORDULIAN LAW GROUP, APC.**
550 N. Brand Boulevard, Suite 1990
Glendale, CA 91203
Tel: (818) 788-4919 • Fax: (818) 484-2011

Attorneys for Plaintiff, Gwen H.

JEREMIAH REYNOLDS (SBN 223554)
jreynolds@eisnerlaw.com
LEONORA A. COHEN (SBN 319463)
lcohen@eisnerlaw.com
**EISNER, LLP**
433 N. Camden Dr., 4th Floor
Beverly Hills, CA 90210
Tel: (310) 855-3200 • Fax: (310) 855-3201
Attorneys for Defendant, Mary P. Foreman

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GWEN H., an individual,<br><br>       Plaintiff,<br><br>       v.<br><br>GEORGE FOREMAN, and DOES 2 through 50,<br><br>       Defendants. | Case No.: 2:22-cv-09241-MEMF-PDx<br>Assigned to Hon. Maame Ewusi-Mensah Frimpong, Courtroom 8B<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br>Date: May 14, 2026<br>Time: 10:00 a.m.<br>Courtroom: 8B<br>350 West First Street<br>Los Angeles, CA 90012 |

//

1

JOINT RULE 26(f) REPORT

3096112

**A.**    <u>**Statement of the Case:**</u>

*<u>Plaintiff Gwen H.'s Statement of the Case:</u>*

In the 1970's, legendary heavyweight boxer Foreman, also known as "BIG GEORGE", used his power, size and influence to access, groom, and sexually abuse Plaintiff Gwen H. from the ages of 15 to 16- years-old. Foreman's misconduct toward Gwen H. included oral copulation and sexual intercourse with Gwen H. when she was a minor and he was a grown adult man. This childhood sexual abuse caused Gwen H. a lifetime of emotional distress, mental suffering, and psychological trauma.

Gwen H.'s father, "Norman", was Foreman's boxing manager and dependent on Foreman for his livelihood. Foreman used his position of power to gain access to Gwen H. and coerce her into inappropriate sexual relations with him.

Gwen H. is aware of, at least, one other childhood abuse survivor of Foreman named "Denise". Foreman also abused Denise during the relevant time frame. Like Gwen H., Denise was also the daughter of one of Foreman's business associates who depended on Foreman for work. Foreman used this influence over Gwen's father to groom Gwen from the age of 13 years old. Foreman used threats of firing Gwen's father to engage in inappropriate sexual relations with her. Foreman would then have inappropriate sexual relations with Denise until she was 16 years old.

Prior to this litigation, Gwen H. and Denise engaged in settlement negotiations and a mediation with Foreman. When the pre-litigation mediation was unsuccessful, Foreman decided to litigate the multiple claims of sexual abuse against him in the press. In July of 2022, before Gwen H. filed her complaint, Foreman issued a libelous press release accusing Gwen H. and Denise of extortion and lying.

Following the filing of her complaint, Gwen responded to Foreman's press release by making a truthful statement in a news conference about the abuse she endured at the hands of Foreman. She made no defamatory statement.

2

3096112

*Defendant's Statement of the Case*:

This case arises out of Gwen H.'s false claim that the late Mr. Foreman sexually abused her over *45 years ago* when she was a 15 to 16 years old and Foreman was in early-to-mid-20s. Gwen H.'s First Amended Complaint (the "Complaint") states claims against Foreman for sexual battery and intentional infliction of emotional distress based on this supposed sexual abuse from the 1970s.

Defendant *adamantly disputes* that Foreman ever had any sexual relations with Denise S., let alone when she was a minor. There is *no corroborating* evidence in the form of documents, photographs, letters, or credible testimony to support Denise S.'s false claims against Foreman. Defendant strongly believes that Denise S.'s motive in bringing her fabricated claims is purely financial. Prior to filing the instant action, Denise S. demanded over $12 million from Foreman to keep her false claims quiet. Defendant believes that the one other purported "survivor" named Gwen, who is represented by the same counsel as Denise S., are working together to create their entirely false narrative about the late-Mr. Foreman in the hopes of recovering millions of dollars.

## B.    Subject Matter Jurisdiction

This Court has original jurisdiction over this action under 28 U.S.C. §1332(a) because it is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

## C.    Legal Issues

The primary legal issues at issue in this action are:

(i) whether Foreman sexually battered Gwen H.;

(ii) whether Gwen H. made any defamatory statements about Foreman at the November 2022 press conference;

(iii) whether allegations by non-parties against Mr. Foreman related to

3

JOINT RULE 26(f) REPORT

3096112

sexually battery are admissible evidence in this action; .

(iv) whether Foreman defamed Gwen H. in his July 2022 press release;

(v) whether this is the proper forum for this case to proceed under the doctrine of *forum non conveniens*, and, relatedly, whether the Court will grant or deny Defendant Mary Foreman's pending Motion to Dismiss, Stay to Transfer Plaintiff's First Amended Complaint;

(vi) whether and to what extent Denise S. suffered any of her alleged injuries, and the cause of any such alleged injury;

(vii) the implications of Mr. Foreman's death on the claims, defenses, and evidence in this action.

## D.     Damages

Gwen H. expects to prove general damages in the seven-figure range for emotional distress, mental suffering, psychological trauma, loss of enjoyment of life, and humiliation that resulted from the childhood sexual abuse caused by the heavyweight boxer. Gwen H. expressly reserves the right to supplement his disclosure regarding his damages. Gwen H. is also seeking punitive damages for acts of malice and oppression against her.

Defendant disputes that any damages can or should be awarded to Denise S. Defendant expressly reserves the right to supplement his disclosure regarding his damages.

## E. Parties and Evidence

Plaintiff and Counterclaim-Defendant, Gwen H., is an individual citizen of the United States and resident of Nevada. Gwen H.'s percipient witnesses will include herself, Denise, Ron Weathers, other former business associates of Foreman who were around during the time period in question and are aware of corroborating evidence. Evidence shall include various newspaper articles, statements from Foreman, himself, in interviews and publications. Gwen H. expressly reserves the right to supplement disclosure regarding witnesses.

4

JOINT RULE 26(f) REPORT

3096112

Evidence as to the defense of Foreman's Counterclaim against Gwen H. shall include Foreman's press release of July when he decided to litigate this action in the press; video of the November 2022 press conference; and evidence relevant to Foreman's claims of emotional distress and loss to business and personal reputation, such as relevant healthcare records, psychological, mental and emotional evaluations, and financial records.

Defendant states that Mr. Foreman was a legendary heavyweight boxer, businessman and minister. Defendant is not aware of any corroborating evidence that supports Gwen H.'s 45-year-old claims.

Defendant's percipient witnesses may include deposition testimony of Mr. Foreman and potentially testimony from family members and friends who were around Foreman during the period in question, and *never* saw any inappropriate interactions or relationship between him and Plaintiff. Foreman also expects to present evidence that Gwen H.'s father was never employed by Foreman. Defendant expects to offer at trial documentary evidence including inter alia (i) portions of Plaintiff's demand letter to Foreman requesting over $12 million dollars; (ii) documents which demonstrate the source of Plaintiff's alleged emotional distress; and (iii) documents related to Plaintiff's personal and mental health history relevant to her claims of injury and requested recovery in this case. Defendant expressly reserves the right to supplement his disclosure regarding his witnesses and evidence.

## F. **Insurance**

Defendant is not currently aware of any insurance covering the claims in this action. Gwen H. is not aware of any insurance agreement under which any persons carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in favor of Gwen H. or to indemnify or reimburse Defendants for payments to satisfy the judgment.

///

JOINT RULE 26(f) REPORT

3096112

## G.    Manual for Complex Litigation

Neither party believes that all or any part of the procedures of the Manual for Complex Litigation should be utilized in this action.

## H.    Motions

Defendant Mary P Foreman's Motion to Dismiss, Stay or Transfer Plaintiff's First Amended Complaint and Plaintiff's Opposition is currently pending review by the Court.

Plaintiff has no intention of adding other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

## I.    Dispositive Motions

Gwen H. reserves the right to file a motion for summary judgment or adjudication as to Foreman's Counterclaim based on the truthfulness of Gwen H.'s statement and California's anti-SLAPP statute (California Code of Civil Procedure Section 425.16.)

Defendant reserves the right to file a motion for summary judgment or adjudication.

## J.    Status of Discovery

Discovery has already begun in the action. The parties have exchanged written discovery, and several depositions have already been taken, including the depositions of Denise S., George Foreman, and several lay witnesses. The parties will continue analyzing the current discovery to determine whether any additional discovery is needed. Other already deposed witnesses include Rom Weathers, Robert Judkins, Gwen H., Andre Skeete, Dorothy Gillespie, Jo-ann Otis, Wilda Castro, Shirley Howell, Leroy Jackson, and Lillian Michele Duvall.

## K.    Discovery Plan

The parties contend the subjects on which discovery has occurred and/or may be needed include, but are not limited to:

(i) All allegations of Foreman having inappropriate sexual relations with

6

JOINT RULE 26(f) REPORT

3096112

underage minors during the relevant time frame; (ii) Foreman's communication with third parties about Gwen H. or any other alleged childhood sexual abuse victim of his; (iii) other areas of Foreman's life that are responsible for his alleged emotional distress; (iv) a mental examination of Foreman under Rule 35; (v) Foreman's alleged damages; (vi) Foreman's July 2022 press release; (vii) the approximate time-period and location of the alleged sexual abuse by Foreman; (viii) Gwen H.'s communications with third-parties about Foreman and/or the alleged sexual abuse; (ix) other areas of Gwen H.'s life that are responsible for her alleged emotional distress; (x) a mental examination of Gwen H. under Rule 35; (xi) discovery aimed at establishing that Gwen H.'s father was never employed by Foreman; (xii) Gwen H.'s alleged damages; and (xiii) the November 2022 press conference.

The parties have already propounded and responded to written discovery. They are continuing to review the discovery to determine is additional discovery is needed.

**L.     Expert Discovery:**

As can be seen on the attached Exhibit "A," that parties propose that initial expert disclosures on July 29, 2026, and rebuttal expert disclosures on August 12, 2026. The parties are jointly requesting an expert discovery cut-off date of August 26, 2026.

**M.     Settlement Conference/Alternative Dispute Resolution ("ADR")**

The parties engaged in a pre-litigation mediation. Pursuant to Local Rule 16-15.4, the parties agreed to select ADR Procedure No. 3.

**N.     Trial Estimate**

The parties estimate that the jury trial in this action will be approximately ten days. Gwen H. anticipates calling seven to eight fact witnesses and three to four expert witnesses. Foreman anticipates calling five to seven fact witnesses and two to three expert witnesses.

JOINT RULE 26(f) REPORT

3096112

**O.   Trial Counsel**

For Gwen H.:

Gary A. Dordick, Michelle J. Dordick, Danielle S. Dhari

DORDICK LAW CORPORATION

1122 Wilshire Blvd., Los Angeles, CA 90017

and

Samuel Dordulian and Alex Valenzuela

Dordulian Law Group, APC.

550 North Brand Boulevard, Suite 1990, Glendale, California 91203

For Defendant:

Jeremiah Reynolds, Leonora A. Cohen

EISNER, LLP

33 N. Camden Dr., 4th Floor, Beverly Hills, CA 90210

**P.   Magistrate Judge**

The parties respectfully decline to have this case heard by a Magistrate Judge.

**Q.   Independent Expert or Master**

The parties do not believe this case is appropriate for the appointment of an independent expert or master.

**R.   Schedule Worksheet**

The parties have discussed and completed a schedule of pretrial dates, which is attached hereto as Exhibit A. The parties included a trial start date of February 22, 2027, based on inter alia their respective trial calendars in other matters.

///

///

///

///

///

///

8

3096112

## S.    **Other Issues**

Neither party has other issues to address at this time.

DORDICK LAW CORPORATION

DATED: April 30, 2026

By: _____
   Danielle S. Dhari, Esq.
   Michelle J. Dordick, Esq.
   Gary A. Dordick, Esq.
   Attorneys for Plaintiff

DORDULIAN LAW GROUP, APC

DATED: April 30, 2026

By: _____
   Samuel Dordulian, Esq.
   Alex Valenzuela, Esq.
   Attorneys for Plaintiff

EISNER, LLP

DATED: April 30, 2026              /s/ Leonora A. Cohen

By: _____
   Jeremiah Reynolds, Esq.
   Leonora A. Cohen, Esq.
   Attorneys for Defendant

9

JOINT RULE 26(f) REPORT

3096112

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA           )
                              )   ss.
COUNTY OF LOS ANGELES         )


I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1122 Wilshire Blvd., Los Angeles, CA 90017.

On April 30, 2026, I served the foregoing documents as **JOINT RULE 26(f) REPORT** on all parties in this action as follows.


**[SEE ATTACHED SERVICE LIST]**

(**X**)   **BY COURT'S CM/ECF SYSTEM** The document was served by CM/ECF. I electronically filed the foregoing document(s) with the Clerk of the Court for the United States District Court of California, by using the Court's CM/ECF system on April 30, 2026, I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system. (excluding those not registered for CM/ECF who were served by mail or email, if applicable).

Executed on April 30, 2026, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


_____
DANIELLE S. DHARI

1

CERTIFICATE OF SERVICE

3096112